Filed 3/17/22  P. v. Myers CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B311620 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA056625) |
| v. | |
| DERRICK T. MYERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Remanded with directions.

Jennifer Peabody and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Derrick T. Myers was convicted of one count of second degree robbery in 2013 and sentenced to 19 years in prison, the sentence including a base term and several enhancements, including a five-year prior serious felony enhancement pursuant to Penal Code section 667, subdivision (a)(1).[1] (*People v. Myers* (2014) 227 Cal.App.4th 1219.)

In 2019, the secretary of the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court invoking the sentence recall provision of section 1170, subdivision (d)(1) and requesting that in light of a recent amendment to section 1385 the court consider striking Myers's serious felony prior and recalling its order to run his sentences consecutively.

The court denied the request without a hearing, stating it was "aware of its discretion" but elected not to exercise it.

Myers contends the trial court failed to properly exercise its discretion, and due process required the court to provide notice and an opportunity to be heard before denying the recall request.

Respondent concedes neither of these issues but observes that the recall-and-resentencing provision of section 1170, subdivision (d)(1) was itself recently revised and moved to a new section, 1170.03, and now requires a court to "apply any changes in law that reduce sentences or provide for judicial discretion" when resentencing under the recall statute, to hold a hearing and state its reasons on the record for granting or denying recall, to give notice and appoint counsel where the recall request is initiated by CDCR, and to make a presumption in favor of recall

---

[1] Undesignated statutory references will be to the Penal Code.

that can be overcome only by a finding that the inmate is an unreasonable risk to public safety.  (Stats. 2021, ch. 719, § 3.1.)

Respondent observes that the new procedures do not appear to apply retroactively to final cases, but certain indicia of legislative intent in the new statute raise substantial questions about how best to interpret former section 1170, subdivision (d)(1), and in any event the new procedures would have to be followed if the CDCR simply reinitiated its recall request.

We find these observations to be persuasive.

## DISPOSITION

The case is remanded to the trial court with instructions to vacate its order denying resentencing and to commence new proceedings under section 1170.03.

NOT TO BE PUBLISHED


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


BENDIX, J.

3